IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PM TERMINALS, INC.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. WGC-10-3588 |
| | ) | |
| **HARJINDER S. MUNDI**, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

On June 18, 2012 this case was referred to the undersigned for all further proceedings. *See* ECF No. 34. By the Order of June 27, 2012, the undersigned established a briefing schedule for dispositive motions and scheduled a one day bench trial for December 13, 2012. *See* ECF No. 35. On July 27, 2012 Plaintiff, PM Terminals, Inc., ("PM Terminals") filed a motion for summary judgment. *See* ECF No. 36. On August 2, 2012 the Clerk's Office mailed a Rule 12/56[1] letter to Defendants Harjinder S. Mundi, Laura R. Mundi and Kuldip Singh, since these three Defendants are unrepresented. *See* ECF No. 37. None of the Defendants filed a response in opposition by August 13, 2012. The motion therefore became ripe for resolution.

On September 24, 2012 after reviewing PM Terminals' motion for summary judgment, the undersigned realized, upon reviewing (a) the Clerk's correspondence of January 20, 2012 regarding Local Rule 101.2[2] to Defendants Harjinder S. Mundi, Laura R. Mundi and Kuldip Singh (ECF No. 27), (b) PM Terminals' Status Report of February 3, 2012 (ECF No. 29), (c) the correspondence of February 7, 2012 from Robert McGill, Esquire to Judge Messitte (ECF No.

---

[1] Federal Rule of Civil Procedure 12 concerns motions to dismiss. Federal Rule of Civil Procedure concerns motions for summary judgment.

[2] Regarding the withdrawal of appearance of counsel.

1

30), (d) PM Terminals' Status Report of June 15, 2012 (ECF No. 32) and (e) the Status Report of Kuldip Singh and Lashkar Singh of June 15, 2012 (ECF No. 33), that *pro se* Defendants Harjinder S. Mundi and Laura R. Mundi **never consented** to having a Magistrate Judge conduct further proceedings in this case, including trial and entry of final judgment. Moreover, the undersigned noticed some confusion with regard to Defendant Kuldip Singh. The docket reflected that Kuldip Singh was unrepresented. *See* ECF No. 27. However, in the Status Report of June 15, 2012, Mr. McGill represented that he is counsel for Lashkar Singh **and for** Kuldip Singh. *See* ECF No. 33. The undersigned therefore reviewed the Notice of Appearance filed by Mr. McGill on November 22, 2011. The Line Substituting Counsel states in pertinent part,

> Please enter the appearance of Richard M. McGill, Esquire, as attorney for the above Defendant, Lashkar Singh, in the above-captioned matter, and strike the appearance of Brett Weiss, Esquire . . . as attorney[] representing Defendant herein.

ECF No. 25.

The undersigned directed a member of his staff to contact Mr. McGill's office. Mr. McGill's office verified that Mr. McGill represents both Lashkar Singh and Kuldip Singh. Mr. McGill's office was directed to file a notice of appearance on behalf of Defendant Kuldip Singh. His office complied. *See* ECF No. 38.

Although the issue of Kuldip Singh's representation is resolved, the undersigned cannot resolve the fact that *pro se* Defendants Harjinder S. Mundi and Laura R. Mundi did not consent to a Magistrate Judge. The undersigned therefore lacks authority to conduct further proceedings as the *presiding judge* in this case, including trial and entry of final judgment, for the two non-consenting Defendants. The undersigned therefore will request Judge Messitte to direct the undersigned to prepare a Report and Recommendation with regard to Defendants Harjinder S. Mundi and Laura R. Mundi.

Having read PM Terminals' motion for summary judgment, as well as Defendants' Motion to Dismiss (ECF No. 3), Plaintiff's Response in Opposition (ECF No. 5), Plaintiff's Corrected Response in Opposition (ECF No. 6), Defendant's Reply (ECF No. 7), Plaintiff's Surreply (ECF No. 9) and Defendants' Response to Surreply (ECF No. 10), although Defendants subsequently moved to withdraw the motion to dismiss (ECF No. 16), which Judge Messitte granted in the Order of September 1, 2011 (ECF No. 18), the issue of PM Terminals' right to sue needs to be briefed before the undersigned addresses PM Terminals' motion for summary judgment. Specifically, the parties must address the issue of PM Terminals' right to sue in light of Maryland Code, Corporations & Associations Article § 7-301 (Failure to register or qualify - - Maintenance of suit) and *Tri-County Unlimited, Inc. v. Kids First Swim School, Inc.*, 191 Md. App. 613, 993 A.2d 146 (2010).

Based on the above the Court hereby,

1. **REMOVES** from the Court's calendar the one day bench trial scheduled for December 13, 2012;

2. **ORDERS** the parties to brief the issue of PM Terminals' right to sue not later than *October 19, 2012*; and

3. **DIRECTS** the Clerk to mail a copy of this Memorandum & Order to *pro se* Defendants Harjinder S. Mundi and Laura R. Mundi.


September 27, 2012                                 _____/s/_____
   Date                                           WILLIAM CONNELLY
                                                  UNITED STATES MAGISTRATE JUDGE