IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____
PM TERMINALS, INC.           )
                                   )
        **Plaintiff,**         )
                                   )
        **v.**               )          **Civil Action No. WGC-10-3588**
                                   )
**HARJINDER S. MUNDI,** *et al.*    )
                                   )
        **Defendants.**     )
_____)

## REPORT & RECOMMENDATION

Plaintiff PM Terminals, Inc. ("PM Terminals") brought this action against Defendants Harjinder S. Mundi, Laura R. Mundi, Kuldip Singh and Lashkar Singh to collect monies pursuant to a Guarantee executed by the aforementioned Defendants in connection with a Petroleum Agreement between PM Terminals and TSO, Inc. ("TSO") trading as Doswell Truck Stop.  PM Terminals and Defendants Kuldip Singh and Lashkar Singh consented to proceed before a United States Magistrate Judge for all further proceedings in this case and the entry of judgment.  *See* ECF Nos. 29, 33.  *Pro se* Defendants Harjinder S. Mundi and Laura R. Mundi did not consent to having a United States Magistrate Judge conduct further proceedings in this case. *See* ECF No. 41 at 1-2.  The case therefore is referred to the undersigned for all further proceedings as to Defendants Kuldip Singh and Lashkar Singh (hereinafter the "Singh Defendants") but is referred to the undersigned for a report and recommendation as to Defendants Harjinder S. Mundi and Laura R. Mundi (hereinafter the "Mundi Defendants").  *See* ECF No. 42.  This report and recommendation concerns the Mundi Defendants.

Pending and ready for resolution is PM Terminals' Motion for Summary Judgment (ECF No. 36).  The Mundi Defendants did not file a response in opposition and the deadline for such has elapsed.  No hearing is deemed necessary.

<h2 style="text-align:center">BACKGROUND[1]</h2>

On May 13, 2008 TSO entered into a Petroleum Agreement with PM Terminals.  Laura R. Mundi or "R. Mundi" signed the Petroleum Agreement on behalf of TSO.  The Mundi Defendants admit that TSO executed a Petroleum Agreement with PM Terminals.  *See* Answer ¶ 9.  Two days later, on May 15, 2008, Laura R. Mundi or "R. Mundi," Harjinder Singh Mundi, Lashkar Singh and Kuldip Singh executed the following Guarantee.

> For value received and in consideration of the credit, rebate or extension of time which Petroleum Marketers, Inc., d/b/a PM Terminals, Inc. (PMI) and/or its successors and assigns may hereafter extend to the Debtor hereinafter named, the undersigned hereby jointly, severally and unconditionally guarantee(s) payment when due of any and all present or future indebtedness owed by
>
> TSO, Inc. T/A Doswell Truck Stop
> 10222 Kings Dominion Blvd.
> Doswell, VA 23047
>
> (hereinafter referred to as the Debtor) to PMI and/or its successors and assigns and hereby waive(s):  notice of acceptance of this guaranty by you and/or your successors and assigns; notice of any and all defaults in payment, and any and all other notice to which the undersigned might otherwise be entitled in connection with this guaranty, the indebtedness and obligations guaranteed hereby and any other security therefore; diligence, suit or any other act by PMI and/or [its] successors and assigns which might otherwise be a condition precedent to enforcing this guaranty; and any defenses because of Debtor's legal disability or incapacity.
>
> The undersigned further waive(s):  relief from valuation or appraisement laws; the benefits of all provisions of law for stay or delay of execution, or sale of property, or requiring resort to any

---

[1] In determining whether the moving party has shown there are no genuine issues of any material fact, the undersigned must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the nonmoving party.  *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 438 (4th Cir. 1998).

class of property before resort can be had to any other class; and Homestead and all other exemption rights to which the undersigned would otherwise be entitled.

This is a continuing guaranty applying to all present and future indebtedness and obligations now or hereafter owing by the above named Debtor to PMI and/or its successors and assigns, arising out of any and all transactions had with PMI and/or its successors and assigns, or guaranties delivered to PMI, by the Debtor or based upon any indebtedness or obligation assigned or transferred to PMI, shall extend to and cover all renewals of claims, demands or performances guaranteed under this instrument or extensions of time in respect thereto, shall not be affected by any surrender or release by PMI or its successors and/or assigns of the debtor or of any other party liable or of any security held by PMI or its successors and assigns for any obligations hereby guaranteed nor by any other act or omission by PMI and/or its successors and assigns; and shall continue in force until five days after written notice by certified mail of the undersigned's withdrawal of this guaranty is received by PMI at your above address which notice shall be effective only as to PMI's subsequent dealings with Debtor.

The undersigned further agree(s) that PMI and/or its successors and assigns may enter into any agreement whatsoever with the said Debtor concerning payments, defaults, extensions of time, renewals, securities, and all allowances of any and all obligations hereby guaranteed, without in any way impairing or changing the liability of the undersigned hereunder.

If suit is necessary to enforce this guaranty, the undersigned shall, in addition to other sums due hereunder, be liable for all costs and expenses of collection, including reasonable attorneys' fees.

This guaranty is supplementary to any guaranty or other form of security now or hereafter held by PMI in connection with the obligations of the aforementioned Debtor.

Compl., Ex. B.  The Mundi Defendants admit, in connection with the Petroleum Agreement, they

and the Singh Defendants executed a Guarantee with PM Terminals.  *See* Answer ¶ 10.

According to PM Terminals "TSO has failed to make required monetary payments

pursuant to the terms of the [Petroleum] Agreement and is, accordingly, in breach thereof."

Compl. ¶ [12].  The Mundi Defendants neither admit nor deny this allegation.  Instead the Mundi

Defendants answered, "TSO is currently in Chapter 11 bankruptcy."  Answer ¶ 12.  PM

Terminals alleges, due to TSO's refusal to pay, PM Terminals has suffered damages in the

amount of $606,714.83.  *See* Compl. ¶ [13].  The Mundi Defendants deny this allegation.

Answer ¶ 13.  The Mundi Defendants further deny that they have failed to make the required

monetary payments in accordance with the terms of the Guarantee and deny they have breached

the Guarantee. *Id.* ¶ 14.

### JURISDICTION & VENUE

Subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. §

1332.  PM Terminals, a Virginia corporation, has its principal place of business in the

Commonwealth of Virginia.  *See* Compl. ¶ 1.  The Singh Defendants and the Mundi Defendants

are domiciled in the State of Maryland.  *See* Compl. ¶¶ 2-5; Answer ¶¶ 2-5.

Pursuant to 28 U.S.C. § 1391(b)(1) venue is proper in the District of Maryland "if all

defendants are residents of the State in which the district is located."  All four defendants are

residents of the State of Maryland.

Since PM Terminals is a foreign corporation, the undersigned must determine whether

PM Terminals may maintain this suit in Maryland.  At the time PM Terminals initiated this

lawsuit, it was not a registered corporation in the State of Maryland.[2]  "Whether a foreign

corporation may maintain a suit without qualifying or registering clearly depends upon whether

it was 'doing business' as defined in the cases on the subject."  *G.E.M., Inc. v. Plough, Inc.*, 228

---

[2] After PM Terminals filed its Complaint on December 23, 2010 (*see* ECF No. 1), and after the Defendants filed a motion to dismiss on February 1, 2011 (*see* ECF No. 3), PM Terminals registered as a foreign corporation in the State of Maryland on February 28, 2011 (*see* ECF No. 9-1 at 3-4) and is now qualified to do business in the State of Maryland.  Further, PM Terminals made the necessary payment as a newly registered corporation and also paid the prescribed penalty as reflected in the March 1, 2011 letter from the Maryland Department of Assessments and Taxation (*see* ECF No. 9-1 at 1-2).

Md. 484, 486, 180 A.2d 478, 480 (1962).  The undersigned directed the parties to brief the issue

of PM Terminals' right to sue.  *See* ECF No. 41 at 3.  PM Terminals filed a brief on this matter.

*See* ECF No. 43.  Neither the Singh Defendants nor the Mundi Defendants filed a brief.

Maryland Code (1975, 2007 Repl. Vol.), § 7-301 of the Corporations and Associations

Article states,

> If a foreign corporation is doing or has done any intrastate, interstate, or foreign business in this State without complying with the requirements of Subtitle 2 of this title, neither the corporation nor any person claiming under it may maintain a suit in any court of this State unless it shows to the satisfaction of the court that:
>
> > (1) The foreign corporation or the person claiming under it has paid the penalty specified in § 7-302 of this subtitle; and
>
> > (2) Either:
>
> > > (i) The foreign corporation or a foreign corporation successor to it has complied with the requirements of Subtitle 2 of this title; or
>
> > > (ii) The foreign corporation and any foreign corporation successor to it are no longer doing intrastate, interstate, or foreign business in this State.

This Court must apply § 7-301 in federal diversity cases.  *United Merchants & Mfrs., Inc.*

*v. David & Dash, Inc.*, 439 F. Supp. 1078, 1086 (D. Md. 1977).  The Court of Appeals of

Maryland has construed § 7-301 as a test for determining if a foreign corporation is *doing*

*business* in Maryland.  The Court of Appeals has defined *doing business* as "doing such a

substantial amount of localized business in this State that the corporation could be deemed

'present' here."  *Yangming Marine Transp. Corp. v. Revon Prods.*, 311 Md. 496, 502, 536 A.2d

633, 636 (1988).

Whether an unregistered or unqualified foreign corporation is *doing business* in Maryland

must be determined on a case by case basis.  No single factor is dispositive but rather a court

must look at the nature and extent of the foreign corporation's activities in Maryland. *Yangming Marine*, 311 Md. at 506-07, 536 A.2d at 638. In *Yangming Marine* the Court of Appeals cited *S.A.S. Personnel Consultants, Inc. v. Pat-Pan, Inc.*, 286 Md. 335, 339, 407 A.2d 1139, 1142 (1979) for factors a court should consider.

> Factors which may be taken into account include the payment of state taxes; the maintenance in the state of property, an office, telephone listings, employees, agents, inventory, research and development facilities, advertising, and bank accounts; the making of contracts; and the extent or pervasiveness of management functions including supervision and control of distributors and services for customers within the state.

PM Terminals' Corporate Credit Manager, William E. Chenault, Jr., submitted an affidavit, outlining PM Terminals' activities or lack thereof in the State of Maryland. According to Mr. Chenault's affidavit, PM Terminals (a) does not use or possess real property in the State of Maryland, (b) does not have an office or other place of business in the State of Maryland, (c) does not have a telephone listing in the State of Maryland, (d) does not have any employees in the State of Maryland, (e) does not have any research and development facilities in the State of Maryland, (f) does not have any bank accounts in the State of Maryland, (g) none of its officers or directors reside in or are domiciled in the State of Maryland and (h) no management functions are performed in the State of Maryland. ECF No. 43-1 (¶¶ 7-12, 14-15). PM Terminal has *one contract* with a Maryland business, the Petroleum Agreement between it and the Defendants. That contract is a very small fraction of PM Terminals' overall business. PM Terminals has no other business activity in Maryland.

Based on Mr. Chenault's unopposed affidavit, the undersigned finds PM Terminals' business activity in the State of Maryland is extremely limited and insubstantial. Under *Yangming Marine* PM Terminals' business activity in Maryland does not constitute *doing*

*business* in the state.   Therefore § 7-301 does not bar PM Terminals from suing the Defendants in Maryland.   "The statutory provisions relating to foreign corporations 'doing business' in Maryland, Md. Corp. and Ass'ns. Code Ann. §§ 7-202, 7-203, and 7-301, were never intended to bar foreign corporations from entering into an occasional contract with Maryland businesses and, when necessary, pursuing in Maryland courts, rights under the contract or actions arising out of it."  *Aeropesca Ltd. v. Butler Aviation Int'l, Inc.*, 44 Md. App. 610, 618, 411 A.2d 1055, 1060 (1980).

## ANALYSIS

The evidence is undisputed that TSO entered into a Petroleum Agreement with PM Terminals on May 13, 2008.   The evidence is also undisputed that the Mundi Defendants executed a Guarantee on May 15, 2008 whereby they "jointly, severally and unconditionally guarantee(s) payment when due of any and all present or future indebtedness owed by" TSO trading as Doswell Truck Stop.

PM Terminals alleges TSO has failed to make the required monetary payments pursuant to the Petroleum Agreement.   The Mundi Defendants deny this allegation.   In support of its motion for summary judgment, PM Terminals submitted an Affidavit of Annette A. Willis.  *See* ECF No. 36-1.   Ms. Willis is an employee of PM Terminals and she states the information contained in the affidavit is personally known to her.   Ms. Willis states the following in her affidavit.

> 8.      TSO has failed to make required monetary payments pursuant to the terms of the Agreement and is, accordingly, in breach thereof.
>
> 9.      As a direct and proximate result of TSO's refusal to pay PM Terminals pursuant to the terms of the Agreement, PM Terminals has suffered damages in the amount of $606,250.33.

10.     The Defendants failed to make the required monetary payments pursuant to the terms of the Guarantee and are, accordingly, in breach thereof.

11.     Under the terms of the Guarantee, the Defendants unconditionally guaranteed payment, when due, of any and all present or future indebtedness owed by TSO to PM Terminals, Inc.

12.     TSO has failed and refused to pay PM Terminals the amount of $606,250.33.  TSO is indebted to PM Terminals in this amount.

13.     Under the terms of the Guarantee, PM Terminals is entitled to collect all indebtedness due and owing from TSO from the Defendants.

14.     PM Terminals has demanded payment from the Defendants under the terms of the Guarantee and the payment has not been forthcoming.

15.     The Defendants' failure to pay all indebtedness due and owing to PM Terminals from TSO constitutes a breach of the Guarantee.

16.     As a direct and proximate result of the Defendants' breach of the Guarantee, PM Terminals has suffered damages in the amount of $606,250.33.

ECF No. 36-1 at 2-3 (Willis Aff. ¶¶ 8-16).

In submitting an affidavit to support or oppose a motion for summary judgment, an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  Ms. Willis' affidavit fails to comply with the requirements of Rule 56.

First, although Ms. Willis declares that she is an employee of PM Terminals, she fails to identify her job title and duties with PM Terminals.  From the four corners of the affidavit, there is no information demonstrating that Ms. Willis is competent to testify on the matters stated. Second, because Ms. Willis fails to describe her duties with PM Terminals and fails to describe

what interaction, if any she had with the Defendants, there is insufficient evidence that the information contained in the affidavit is <u>based on her personal knowledge</u>.   Stating that information is "personally known to me" is *conclusory* <u>without</u> any details indicating how such information was obtained.   Third, in comparing Ms. Willis' affidavit to PM Terminals' Complaint, the undersigned finds Ms. Willis' statements in her affidavit, particularly paragraphs 8 – 16, are *identical* to the allegations in the Complaint, except for the amount of damages.   In the Complaint PM Terminals alleges it suffered damages in the amount of *$606,714.83*.   In her affidavit Ms. Willis claims PM Terminals suffered damages in the amount of *$606,250.33*.   For the record, the identical statements are as follows:

| PM Terminals' Complaint[3] | Ms. Willis' Affidavit |
|---|---|
| #12 | #8 |
| #13 ($606,714.83 in damages) | #9 ($606,250.33 in damages) |
| #14 | #10 |
| #16 | #11 |
| #17 ($606,714.83 in damages) | #12 ($606,250.33 in damages) |
| #18 | #13 |
| #19 | #14 |
| #20 | #15 |
| #21 ($606,714.83 in damages) | #16 ($606,250.33 in damages) |

---

[3] As noted by the Defendants in their Answer, the paragraph numbers are <u>not</u> completely sequential in PM Terminals' Complaint.  Specifically, after the first five numbered paragraphs, PM Terminals re-uses numbers 4 and 5.  If PM Terminals had numbered the paragraphs sequentially, the total number of paragraphs would be **twenty-one (21)** instead of nineteen (19).  The undersigned identifies the paragraphs in the Complaint based on 21 sequentially numbered paragraphs.

For the above reasons the undersigned finds Ms. Willis' affidavit is insufficient to support PM Terminals' motion for summary judgment.  PM Terminals thus has *no evidence* to support its motion for summary judgment.

## **RECOMMENDATION**

1.      That the Court find PM Terminals has not supported its factual positions by competent evidence;

2.      That the Court therefore find PM Terminals is not entitled to judgment as a matter of law at this time.  Fed. R. Civ. P. 56(a);

3.      That PM Terminals be permitted to submit an amended affidavit that complies with Rule 56(c)(4) within twenty (20) days of this Report and Recommendation; and

4.      That PM Terminals' Motion for Summary Judgment (ECF No. 36) be TEMPORARILY HELD IN ABEYANCE.


January 14, 2013                         _____/s/_____
        Date                                          WILLIAM CONNELLY
                                                UNITED STATES MAGISTRATE JUDGE